IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
2012 JUL 24 AM 9:56
CLERK Cadwell
SO. DIST. OF GA.

BELAY D. REDDICK, SR.,

   Plaintiff,

v.            CIVIL ACTION NO.: CV212-112

LEONARD SMALL; ANNA S. DAVIS;
WTLD 90.5 FM; and SECRETARY,
(full name unknown) for Litway
Missionary Baptist Church,

   Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff filed a motion to proceed *in forma pauperis* in this cause of action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff names as Defendants: Leonard Small, Pastor at Litway Baptist Church; Anna Davis, Program Director of WTLD 90.5 FM; WTLD 90.5 FM; and Full Name Unkown, Secretary for Litway Missionary Baptist Church. According to Plaintiff, he and Defendant Davis developed a relationship after he heard her radio broadcast and contacted her. Plaintiff contends that Defendant Davis worried Defendant Small would fire her if she found out she was having a relationship with someone incarcerated at the Federal Correctional Institution. Plaintiff also contends that he wrote letters to Defendant Small, which he read on air. Plaintiff asserts that, in his letters, he informed Defendant Small a few of his fellow inmates said negative things about Defendant

2

Small. As a result, these inmates threatened Plaintiff. Plaintiff attempts to set forth claims of retaliation, defamation under state law, a violation of his right to privacy, and intentional infliction of emotional distress under state law.

A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). "[T]he Constitution only protects against injuries caused by [governmental or] state actors." Abner v. Mobile Infirmary Hosp., 149 F. App'x 857, 859 (11th Cir. 2005) (citing Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982)). Absent a showing of any form of state action on the part of named defendants, a plaintiff's proposed constitutional claim is subject to dismissal as a matter of law. Plaintiff has failed to make this showing and instead sets forth actions of private actors. Furthermore, Plaintiff's Complaint appears to be wholly frivolous. This Court's practice is to dismiss all such complaints. See 28 U.S.C. § 1915A(b)(1).

Plaintiff has attempted to invoke diversity of jurisdiction pursuant to 28 U.S.C. § 1332(a). As noted above, Plaintiff fails to set forth viable constitutional claims. To the extent Plaintiff meets diversity requirements on his state law claims, his state law claims are nevertheless subject to dismissal.

Under Georgia law, "[s]lander or oral defamation consists in: (1) Imputing to another a crime punishable by law; (2) Charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) Making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) Uttering any disparaging words productive of

AO 72A
(Rev. 8/82)

special damage which flows naturally therefrom." O.C.G.A. § 51-5-4. Plaintiff fails to make a showing that Defendants slandered him.

To plead properly an intentional infliction of emotional distress claim under Georgia law, a plaintiff must set forth facts that, if proven, establish the following four elements: "(1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." Bartholomew v. AGL Resources, Inc., 361 F.3d 1333, 1339 (11th Cir. 2004)(citations and punctuation omitted); Trimble v. Circuit City Stores, Inc., 220 Ga. App. 498, 499, 469 S.E.2d 776, 778 (1996) (citation omitted). In order to meet the second element, the plaintiff must show that the defendants' "behavior was so extreme or outrageous that 'no reasonable man could be expected to endure it.'" Hammer v. Slater, 20 F.3d 1137, 1144 (11th Cir. 1994) (quoting Bridges v. Winn-Dixie Atlanta, Inc., 176 Ga. App. 227, 230, 335 S.E.2d 445, 448 (1985)); Guthrie v. Waffle House, Inc., 460 F. App'x 803, 809 (11th Cir. 2012). Plaintiff fails to show that Defendants' behavior was in any way extreme or outrageous. Thus, Plaintiff's intentional infliction of emotional distress claims cannot be sustained.

Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**.

AO 72A
(Rev. 8/82)

## CONCLUSION

Plaintiff's frivolous Complaint, when read in a light most favorable to him, fails to state a claim for relief under Bivens, 28 U.S.C. § 1915, or state law. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 24th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)